HARRIS, J.,
concurring in part; dissenting in part:
I concur in this affirmance except as to the amount of alimony.[1] Although this record demonstrates that Dr. Gonzalez is not a model father and deserves even less recognition as a husband, the total award of support ordered against him is so disproportionate that it may well kill the goose that produces the golden egg.
The parties stipulated that Dr. Gonzalez earns $15,000 per month. Of this amount, Mrs. Gonzalez was awarded $6,000 per month as alimony, $1,656.58 per month to cover the income tax on the alimony, $1,292.80 per month to cover the cost of an insurance policy on the husband’s life naming her as beneficiary, and $1,386.00 per month as child support. This totals $10,335.38 as monthly support or over two-thirds of the doctor’s income.
The trial court expresses grave concern that because Dr. Gonzalez does not earn more, it is unable “to award the Wife an amount to maintain the standard of living she established during the marriage.” The court expresses no concern about the even greater loss of standard of living about to be suffered by the husband. I find the court’s award punitive in nature and its allocation of support an abuse of discretion.

. The amount of child support is also questionable. The trial court properly determined, based on the parties' resulting income after its award, that the father’s share of child support (based on the minimum amount shown by the tables plus 5% of the parents' income over $10,000 per month) would be $735.54 per month. It then added $584.66 per month to his obligation as "total monthly adjustments.” These adjustments were for possible extraordinary medical expenses, a tutor and private school expenses. Since these potential expenses are the justification for the increase of child support over the table amount by adding 5% of the parents’ income over that shown in the table, are they also recoverable as "monthly adjustments”?